# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY W. CHRISTIAN and SANDRA A. CHRISTIAN, | No. 1:10-CV-125 |
| Plaintiffs | |
| v. | |
| THE FIRST LIBERTY INSURANCE CORPORATION also t/a LIBERTY MUTUAL, and JOHN DOE, | J. Rambo |
| Defendants | |

## M E M O R A N D U M

Before the court is Plaintiffs Larry W. Christian's and Sandra A. Christian's motion to consolidate. (Doc. 14). For the reasons that follow, the motion will be denied.

**I.      Background**

    **A. Facts**

        **1. Parties**

Plaintiff Larry W. Christian ("Christian") is a tractor-trailer operator married to Sandra A. Christian, both of whom reside in Virginia.

Defendant First Liberty Mutual Corporation ("Liberty Mutual") is an insurance company incorporated in the state of Massachusetts. Liberty Mutual provided uninsured motorist coverage to the Christians from November 23, 2009, to November 23, 2010.

In a separate action, Civ. No. 1:10-CV-0019, the Christians seek recovery from two other sources. Defendants in that action are truck owner Martini Inc. ("Martini") and their tractor-trailer operator, Earnest Compton ("Compton").

### 2. The Accident

On January 30, 2008, Christian was driving a tractor-trailer northbound on Interstate 81 near Shippensburg Borough in Cumberland County, Pennsylvania, and was third in a series of five tractor-trailers driving in a line. Martini's truck, driven by Compton, was first in the series. Plaintiffs contend that Compton's negligent driving caused a loose beer barrel from his truck to go soaring into the windshield of Christian's truck, causing permanent injuries to Christian.

Plaintiffs believe Compton will defend himself by claiming the accident was unavoidable because a small SUV, the driver of which is unknown to either party, cut Compton off as it merged onto the highway. To the court's knowledge, discovery has not commenced in this case, and thus, the factual arguments are based on mere speculation. However, Plaintiffs point to a police report which states that another truck driver, Michael L. Conlee, saw a small SUV merge onto the highway at the time of the accident.

Plaintiffs, in the event that a jury finds that the unknown SUV driver contributed to the cause of the accident, seek uninsured motorist coverage from Liberty Mutual. Thus, Plaintiffs filed the instant motion to consolidate their tort claims against the Third-Party Defendants with their contractual claim against Liberty Mutual.

### B. Procedural Posture

On January 5, 2010, the Christians filed various tort claims against Compton and Martini alleging that Compton's negligent driving caused the accident that led to Christian's injuries. (*See Christian v. Martini, Inc. et al*, 1:10-cv-00019, Doc. 1.) Martini and Compton joined several other trucking companies and drivers involved in the accident as Third Party Defendants in the tort action, and crossclaims have been filed among those parties. (*See* 1:10-cv-00019, Docs. 6, 12.)

On January 19, 2010, the Christians filed the instant action, (Doc. 1), against Liberty Mutual, claiming uninsured motorist coverage in the event liability was found on the part of an unknown and/or uninsured driver.

On December 9, 2010, the Christians filed a motion to consolidate their tort and contract cases. (Doc. 14.) On December 16, 2010, a brief in support was filed, (Doc. 17), and Liberty Mutual responded on December 30, 2010, (Doc. 18). The Christians filed a reply brief on January 6, 2011. (Doc. 19.) The motion is now ripe for disposition.

**II.     Discussion**

Plaintiffs argue this court should consolidate their tort and contract claims for judicial efficiency and to mitigate expenses for the parties because the same witnesses and evidence may be needed at each trial if held separately. Defendant argues consolidation would lead to the introduction of insurance information that may prejudice the jury to improperly find the presence and liability of the unknown SUV driver due to the desirability of shifting blame to an anonymous tortfeasor represented by a deep pocket.[1]

**A. Consolidation**

Pennsylvania's Rules of Civil Procedure allow courts to consolidate actions involving a common question of law or fact in similar fashion to the federal rules. *Cf.* Pa. R. Civ. P. 213(a) *with* Fed. R. Civ. P. 42(a). As with its federal counterpart, exercise of Pennsylvania's consolidation rule is at the discretion of the trial court where it will avoid unnecessary cost or delay, and can be refused over the

---

[1] The parties also disagree as to whether damages can be recovered from both Plaintiffs' uninsured motorist insurance in addition to Third Party Defendants, and whether consolidation is therefore appropriate. Because the court will deny consolidation for prejudicial reasons, it will not address the question of recovery at this time.

3

court's concerns of prejudice or sympathy.  *See Balla v. Sladek*, 381 Pa. 85, 90 (1955); *see also Mincy v. Chmielewski*, 2006 WL 1997457, at * 2 (M.D.Pa., July 17, 2006) (citation omitted).

While the advantages to consolidating the case to avoid cost and delay are apparent from Plaintiffs' standpoint, the disadvantages are equally apparent from the Defendant's.  Plaintiffs' uninsured motorist claims against Liberty Mutual could only go forward after a jury found the presence and fault of an unknown driver.  If the jury were to find that no phantom motorist was responsible for the accident, or if Compton does not claim a phantom motorist defense, Liberty Mutual will have been forced to prepare and appear before the court without reason.

Both parties cite various Pennsylvania trial court findings either for or against joinder[2] of third party motorist negligence claims and uninsured motorist insurance carrier claims, and these cases indicate a divergence in the state courts regarding the balance between prejudice and efficiency.  *Compare Bradish-Klein v. Kennedy*, 13 Pa. D. & C. 5th 445, 448 (Pa.Com.Pl. 2009) (collecting cases supporting joinder) *with Thomas v. Titan Auto Ins.*, 2010 Phila. Ct. Com. Pl. LEXIS 281, at *11-12 (Pa. C.P. 2010) (collecting cases against joinder).

The facts of the instant case make the denial of consolidation to avoid prejudice particularly persuasive, as they are distinct from those in any of the cases the parties cite.  Specifically, the allegation of an unknown third party defendant sets this case apart from those cited, and coincides directly with Pennsylvania's strong presumption that the introduction of insurance information will create prejudice.

Rule 411 of the Pennsylvania Rules of Evidence forbids admission of any individual's insurance information based "upon the issue of whether the person

---

[2] While all of these cases dealt with joinder, the impact on the parties and the reasoning of the courts are relevant to the question of consolidation.

4

acted negligently or otherwise wrongfully."[3]  Pa. R. Evid. 411.  In explaining the rule's necessity, the Pennsylvania Supreme Court warned against the risk that "knowledge of the fact of insurance against liability will motivate the jury to be reckless in awarding damages to be paid, not by the defendant, but by a supposedly well-pursed and heartless insurance company that has already been paid for taking the risk."  *Price v. Yellow Cab Co. Of Phila.*, 443 Pa. 56, 63-64 (1971) (internal quotations omitted).

In the instant case, the existence and identity of the alleged phantom motorist will be a question of fact for the jury. In other cases raising the question of joinder, the identity of the tortious driver was known, and their amount, or lack thereof insurance coverage could be determined.  There were no questions of fact as to whether these drivers existed, only a question as to their negligence and liability. In the instant case, the jury, as argued by Liberty Mutual, may be prejudiced by the introduction of a deep pocket to find the very existence, let alone liability, of an unknown driver.  This inclination to find the actions of an unknown actor, who would have to be *de facto* represented by the insurance company, liable for the accident is precisely the concern the Pennsylvania Supreme Court articulated in *Price*.  Therefore, consolidation in the instant case would create a strong risk of prejudice against the Defendant.

---

[3] Pennsylvania's Rules of Evidence are used here for the limited purpose of explaining the prejudicial impact consolidation may have in this case.  The admissibility of potential evidence is not currently before the court.

5

**III.	Conclusion**

Because the concerns of potential prejudice against Defendant arising from the introduction of insurance information are significant, and the benefit of cost avoidance would be felt only by Plaintiffs in the instant case, Plaintiffs; motion got consolidation will be denied.  An appropriate order will issue.


				s/Sylvia H. Rambo
				United States District Judge

Dated:  March 16, 2011.

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY W. CHRISTIAN and <br> SANDRA A. CHRISTIAN, <br>     **Plaintiffs** <br>     v. <br> **THE FIRST LIBERTY INSURANCE CORPORATION also t/a LIBERTY MUTUAL, and JOHN DOE,** <br>     **Defendants** | No. 1:10-CV-125 <br><br> J. Rambo |

# O R D E R

In accordance with the accompanying memorandum of law, Plaintiffs' motion to consolidate (Doc. 14) is **DENIED**.

                                                                             s/Sylvia H. Rambo
                                                                     United States District Judge

Dated: March 16, 2011.